**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-30070 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 4:19-cr-00027-BMM-1 |
| | 4:19-cr-00027-BMM |
| JEREMY DAVIS WING, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted May 7, 2021
Seattle, Washington

Before:  CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,** District
Judge.

Jeremy Davis Wing ("Wing") was convicted, after a jury trial, of one count

of Domestic Abuse by Habitual Offender, in violation of 18 U.S.C. § 117(a).  The

sole issue on appeal is whether the district court committed reversible error in

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

admitting two treating physicians' testimony that Wing's common-law wife, Andrea Eagleman ("Eagleman"), said her husband was the person who attacked her. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review for an abuse of discretion the district court's application of the rule against hearsay. See United States v. JDT, 762 F.3d 984, 1003 (9th Cir. 2014). We affirm.

Prior to trial, the district court ruled that the physicians' testimony would be admissible, based upon Fed. R. Evid. 803(4) and case law addressing the admissibility of similar testimony in sexual assault cases. See id. The district court properly considered whether the testimony fell within a hearsay exception, and the testimony at trial satisfied the Rule 803(4)(B) requirement that the statement "describe[] . . . present symptoms or sensations; their inception; or their general cause." However, the district court erred when it applied the sexual assault case law regarding the Rule 803(4)(A) requirement that the statement was "made for — and [wa]s reasonably pertinent to — medical diagnosis or treatment[.]" Eagleman's statements identifying her husband as her attacker were not made in the context of diagnosis or treatment for emotional and psychological injuries that she suffered as a result of the assault, nor were they made as part of a discussion about how she could prevent further domestic abuse.

The district court's error in the Rule 803(4)(A) analysis was harmless as to the testimony of Navtejpal Kaholn, M.D., because his testimony established

2

another medical purpose for the medical staff's inquiries about the identity of an assault victim's attacker: the attacker's identity provides insight about the extent of the force that was used, which contributes to the assessment of the severity of the injuries and the determination of whether there may be internal injuries. See United States v. Hieng, 679 F.3d 1131, 1141–44 (9th Cir. 2012) (holding that it was not necessary to reverse the improper hearsay analysis because the record supported the admission of the statement under established hearsay exceptions). Although Pedro Guzman, M.D., did not testify regarding the medical purpose for Eagleman's statement about her attacker's identity, the admission of his testimony about her statement was harmless because it duplicated Dr. Kaholn's testimony. See United States v. Lindsey, 634 F.3d 541, 553 (9th Cir. 2011) (holding that any error in the admission of the statement was harmless because other witnesses testified to the same point).

The district court therefore did not commit reversible error when it admitted Dr. Kaholn's and Dr. Guzman's testimony about Eagleman's statements identifying her husband as the person who assaulted her.

**AFFIRMED.**